See, also, Horhouse v. State (Tex. Cr. App.) 50 S. W. 361; Hill v. State (Tex. Cr. App.) 53 S. W. 845; Walker v. State, 86 Tex. Cr. R. 441, 216 S. W. 1085; Rowden v. State, (Tex. Cr. App.) 18 S.W.(2d) 170; Warren v. State (Tex. Cr. App.) 24 S.W.(2d) 1090.

Giving effect to the rule announced in the decisions referred to, we are of the opinion that the evidence of the witnesses touching the question of insanity should be placed before the jury.

The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### Emmett GEORGE v. STATE.

### No. 13163.

Court of Criminal Appeals of Texas.

Feb. 26, 1930.

State's Rehearing Denied April 2, 1930.

J. S. Bracewell and F. O. Fuller, both of Houston, for appellant.

O'Brien Stevens, Crim. Dist. Atty., and E. T. Branch, Asst. Crim. Dist. Atty., both of Houston, and A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J.

The offense is robbery by assault; the punishment confinement in the penitentiary for twenty-five years.

The questions raised on motion for new trial are identical with those discussed in Emmett George v. State, 26 S.W.(2d) 249, this day handed down. This case must be reversed for the same reasons discussed in the opinion referred to.

The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.